FILED
12TH JUDICIAL DISTRICT COURT
LINCOLN COUNTY NM
2/19/2016 3:36:21 PM
KATINA WATSON
CLERK OF COURT
Gloria Lamay

STATE OF NEW MEXICO
COUNTY OF LINCOLN
TWELFTH JUDICIAL DISTRICT COURT

STEVE P. SHULTZABERGER,

    Plaintiff,

                          D-1226-CV-2016-00039

vs.                    No. D-1226-CV-2016-_____

THOMAS E. HALL and RENE HALL,
next of friends to MADISON R.
WALTH, and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants.

## COMPLAINT

COMES NOW plaintiff, STEVE P. SHULTZABERGER, and for his causes of action for damages against defendants, and THOMAS E. HALL ("Hall") and RENE HALL, as next friends of MADISON R. WALTH ("Walth", and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), states:

### GENERAL ALLEGATIONS

1. Plaintiff is a resident of Ruidoso, Lincoln County, New Mexico at all times relevant to this cause of action.

2. Walth and Defendants Hall are believed to be a residents of Lincoln County, New Mexico.

3. All of the events which form the basis of the claims set forth herein occurred in Lincoln County, New Mexico.

### NEGLIGENCE

4. On May 23, 2013, plaintiff was driving his Dodge pick up truck North on Highway 48 and passing the side street known as Enchanted Forest Road, in Lincoln County, New Mexico.

5. Walth was driving a Toyota automobile West on Enchanted

**EXHIBIT 2**

Forest Road. Plaintiff had the right of way and Walth was supposed to yield the right of way to plaintiff. Walth did a rolling stop at the intersection, was talking on her cell phone, and drove her Toyota into the side of plaintiff's pick up truck.

6. The collision caused plaintiff's pick up to spin on two wheels and the collision caused extensive damage to his pick up and grave injuries to plaintiff.

7. The acts of negligence of Walth include but are not limited to:

    a. failure to keep a proper lookout;

    b. failure to keep her vehicle under control;

    c. driving a vehicle in violation of existing ordinances and statutes;

    d. failure to operate the vehicle in a safe and reasonable manner;

    e. failing to yield the right of way;

    f. driving while talking on a cell phone.

8. Plaintiff was transported to Lincoln County Medical Center for medical treatment and received other medical treatment for the injuries suffered from the collision with defendant.

9. Walth was cited for failure to yield right of way.

10. Plaintiff received injuries to his chest, back, hip, and neck.

11. As a direct and proximate result of Walth's negligence, plaintiff has suffered physical injuries, incurred medical expense, loss of earnings, and property damage in amounts to be proven at trial.

## NEGLIGENT ENTRUSTMENT

12. The automobile being driven by Walth was owned by Hall.

13. Hall negligently entrusted Walth with an automobile without determining whether or not she could be trusted driving an automobile and with actual knowledge that her driving skills were suspect in regard to safety.

14. Hall's entrustment of his automobile to Walth was negligent and that negligence caused plaintiff to suffer injuries which required medical attention, pain, and suffering, and loss of wages in amount to be proven at trial.

## VIOLATION OF THE TRADE PRACTICES & FRAUD ACT & INSURANCE CODE

15. Plaintiff was insured in a policy of liability insurance by State Farm for medical payments coverage with policy limits of $50,000.

16. As a result of the collision, plaintiff sustained personal injuries which required medical treatment, loss of wages, and pain and suffering in amounts to be proven at trial.

17. Despite clear liability, State Farm failed to pay the medical expenses incurred by plaintiff in the collision forcing plaintiff to file suit against Walth and State Farm.

18. Upon information and belief it is a regular business practice of State Farm to not exercise good faith and fair dealing in negotiations for a fair and equitable settlement of their insured's claims.

19. State Farm's conduct of intentionally failing to pay claims in a prompt, fair, and equitable manner in cases where

liability and coverage is clear is a violation of New Mexico's Trade Practices & Fraud Act and the Insurance Code.

20. The intentional and knowing actions of State Farm constitute unfair insurance claims practices by engaging in practices which are illegal and prohibited by New Mexico law.

**WHEREFORE**, plaintiff prays for this Court to enter judgment on his behalf and to award him reasonable damages, both compensatory and punitive, from Walth and Hall, plus costs of this action, prejudgment interest, and for judgment against State Farm for violation of the Unfair Trade Practices and Fraud Act, insurance code, and for an award of attorney fees and punitive damages to deter State Farm and others from similar conduct in the future, and for such other and further relief as the Court may deem just and proper.

*/s/ Charles E. Hawthorne*
Charles E. Hawthorne
P.O. Box 2387
Ruidoso, New Mexico 88355
(505)717-7922; Cell 937-0076