IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


STEVE P. SHULTZABERGER,

    Plaintiff,

v.                                                                                                               No. 2:17-cv-01028-KRS-CG

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.


## ORDER GRANTING MOTION TO BIFURCATE, BIFURCATING UIM AND BAD FAITH CLAIMS, AND STAYING DISCOVERY EXCEPT FOR UIM CLAIM

**THIS MATTER** comes before the Court on Defendant State Farm Mutual Automobile Insurance Company's motion to bifurcate Plaintiff Steve Shultzaberger's breach-of-contract and bad-faith claims as well as stay discovery. (Doc. 19). Shultzaberger has not responded to the motion and ignored the Court's order directing him to either file a response or show cause why State Farm's motion is not ready for disposition. Although the Local Rules permit the Court to take Shultzaberger's failure to oppose within the time allowed as consent to grant the motion, *see* D.N.M. LR-CV 7.1(b), the Court has independently reviewed the merits of State Farm's request to bifurcate. Having done so and with the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court concludes bifurcation is warranted.

## BACKGROUND

On May 23, 2013, MW drove her parents Toyota into Shultzaberger's truck while talking on her cell phone and after rolling through a stop sign. (Doc. 1-2, Compl., ¶¶ 4-5). The collision

caused Shultzaberger's truck to "spin on two wheels" and sustain severe damage (*Id.*, ¶ 6). Shultzaberger himself suffered "grave injuries" necessitating evaluation and treatment for chest, hip, back, and neck injuries at the Lincoln County Medical Center (*Id.*, ¶¶ 6,11). MW was cited by local police for failure to yield the right of way. (*Id.*, ¶9). At the time of the accident, Shultzaberger was insured by State Farm. (*Id.*, ¶ 15). Despite underinsured motorist coverage ("UIM") in the policy for the medical expenses he incurred as a result of the collision, State Farm did not pay those charges, which Shultzaberger believes is State Farm's typical business practice. (*Id.*, ¶¶ 15-18)

On February 19, 2016, Shultzaberger sued MW through her parents in the Twelfth Judicial District for Lincoln County, New Mexico. (Doc. 1-2). Shultzaberger alleged MW's negligence—and her parents' in entrusting her the Toyota—caused his personal injuries and property damage. (*Id.*, ¶¶ 4-14) (captioning the causes of action as "negligence" and "negligent entrustment"). Shultzaberger also named State Farm for breach of the UIM provision of the insurance policy and bad faith. [1] (*Id.*, ¶¶ 15-20). Shortly thereafter, MW's parents settled all claims against them and MW by tendering the $25,000 personal-injury limits of their GEICO automobile policy. (Docs. 1-3; 1-4). State Farm ultimately removed this action on October 12, 2017, on the basis of the Court's diversity jurisdiction. (Doc. 1).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(b) permits the Court "[f]or convenience, to avoid prejudice, or to expedite and economize," to "order a separate trial of one or more separate

---

[1] As explained more below, Shultzaberger's complaint is not a model of clarity and unclear what causes of actions he actually alleges and what facts, other than that State Farm did not pay medical expenses, support them. However, since State Farm's interpretation of the complaint as stating claims for breach of the UIM provision of the insurance policy and bad faith benefits Shultzaberger where State Farm likely would have prevailed a motion to dismiss for failure to allege these causes of action with plausibility, the Court also construes the complaint in the same manner as State Farm to assist in disposition of the motion to bifurcate.

issues, [or] claims[.]" Although the Court's discretion is broad in bifurcating claims, it is not unfettered. *See United States ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010). On the one hand, "[b]ifurcation is not an abuse of discretion if such interests favor separation of issues and the issues are clearly separable." *Angelo v Armstrong World Indus.*, 11 F.3d 957, 964 (10th Cir. 1993). On the other, bifurcation is inappropriate when it will result in unfairness or prejudice to the non-movant, and neither shorten trial nor affect what evidence the parties will offer. *See F.D.I.C. v. Refco Group, Ltd.*, 184 F.R.D. 623, 629 (D. Colo. 1999). The movant bears the burden of establishing bifurcation is warranted "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010).

## DISCUSSION

The Court determines that bifurcation is warranted under the circumstances. In New Mexico, a plaintiff must prove breach of the UIM provision of the insurance policy as a condition precedent to recovery on a claim of bad faith. *See Aragon v. Allstate Ins. Co.*, 185 F. Supp. 3d 1281, 1283-84 (D.N.M. 2016) (synthesizing New Mexico law on bad faith/UIM claims). To satisfy this threshold, typically the insured must establish the underlying tortfeasor's negligence—"duty, breach, proximate cause, and loss or damages" that exceed the tortfeasor's policy limits. *State Farm Mut. Auto. Ins. Co. v. Barker*, 96 P.3d 336, 339 (N.M. Ct. App. 2004). Underlying liability in this case is not a foregone conclusion. State Farm claims Shultzaberger's post-accident presentation is largely the same as before—he had many preexisting injuries and underwent back surgery months before the accident. Thus, if true, Shultzaberger would not satisfy the causation and damages elements of the alleged UIM violation, rendering the bad-faith claim moot.

The two causes of action consist of different elements. As explained above, a UIM claim involves proof of traditional negligence plus damages above policy limits. By contrast, bad faith in New Mexico premised upon an insurance company's failure to pay a claim requires the plaintiff to establish that insurance company's reasons for denial were frivolous or unfounded. *See Sloan v. State Farm Mut. Auto. Ins. Co.*, 85 P.3d 230, 236 (N.M. 2004). "Frivolous" or "unfounded" is not synonymous with a breach of contract; rather, these terms mean "an utter or total lack of foundation for an assertion of nonliability." *Id.* (citation and quotation omitted). Thus, evidentiary and discovery needs are different for the two types of claims. This consideration of judicial economy favors bifurcation.

State Farm makes a colorable argument that it would suffer prejudice aside from the cost of potentially unnecessary discovery and the prospect of ending the defense of the case by showing no breach of the policy. For example, a trial involving evidence on both types of claims could confuse jurors. Although the Court believes carefully crafted instructions could assist in this regard, evidence of State Farm's bad faith could well be taken as proof of the underlying UIM violation. Combined with the potentially dispositive nature of the UIM claim, the different proof and discovery needs of the two causes of action, and some modicum of prejudice, bifurcation is appropriate.

Finally, without any response from Shultzaberger, there is no presentation of any countervailing interests or prejudice that would require a different result. The Court also notes that the complaint lacks basic clarity. While Shultzaberger appears to allege that State Farm failed to act fairly or promptly in handling his insurance claim, the only factual support is that State Farm did not pay his medical expenses. (Doc. 1-2, Compl.). Had Shultzaberger pleaded facts and otherwise developed his cause of action for unlawful "trade practices & fraud act &

insurance code [violations],"  a meritorious argument might be made that this count should go forward regardless of whether Shultzaberger prevails on breach of the UIM provision. *Cf. Martinez v. State Farm Mut. Auto. Ins. Co.*, 2017 U.S. Dist. LEXIS 44277, *11 (D.N.M. Mar. 27, 2017) (noting that a claim under the New Mexico Unfair Trade Practices Act "is not contingent upon the value of Plaintiff's UIM claim"). Shultzaberger did not support any such claim, however, and even reading his complaint to state a plausible cause of action for breach of contract and bad faith, as State Farm has done here, is beyond what the Federal Rules would require. *See Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (examining Fed. R. Civ. P. 8 and 12(b)(6) and explaining "[t]he burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief[.]") (Citation and internal punctuation omitted). The Court therefore cannot discern any prejudice to Shultzaberger or interest that would militate against bifurcation.

## CONCLUSION

For the reasons stated above, the Court determines that the UIM claim should be bifurcated from any extra-contractual cause of action including Shultzaberger's assertion of bad faith insurance practices. Discovery on all extra-contractual claims likewise should be stayed pending resolution of underlying alleged UIM violation. The Court shall issue a separate order scheduling trial on the UIM portion of the case.

**IT IS, THEREFORE, ORDERED** that State Farm's motion to bifurcate and stay discovery (Doc. 19) is **GRANTED**. The Court shall first resolve the merits of Shultzaberger's claim that State Farm breached the insurance policy by failing to pay medical expenses pursuant to the UIM coverage.

**IT IS FURTHER ORDERED** that discovery on claims other than the UIM cause of cause action is **STAYED** until further order of the Court.

*Kevin Sweazea*
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE
Presiding by consent