IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


STEVE P. SHULTZABERGER,

    Plaintiff,

v.                                                                                        No. 2:17-cv-01028-KRS-CG

STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT DISCOVERY AND ALLOWING A SECOND DEPOSITION OF DR. GREGORY MISENHIMER

**THIS MATTER** comes before the Court on Plaintiff Steve Shultzaberger's motion for an extension of time to supplement discovery and supplement the deposition of Gregory Misenhimer, MD, Shultzaberger's treating surgeon. (Doc. 42). Despite the title, Shultzaberger asks the Court for leave to re-depose Dr. Misenhimer. In the motion, Shultzaberger's attorney owns up to a "procedural mistake" he made by failing to elicit critical testimony from Dr. Misenhimer to firm up medical causation: whether Defendant State Farm Mutual Automobile Insurance Company's insured, MW, caused Shultzaberger's injuries. Without a second deposition, Shultzaberger maintains, he will not be able to oppose State Farm's motion for summary judgment and, ultimately, succeed at trial. State Farm disagrees and asserts Shultzaberger has not established good cause for another deposition. With the consent of the parties to conduct dispositive proceedings, *see* 28 U.S.C. § 636(c), the Court has reviewed the parties' submissions and considered the applicable law. Having done so, the Court **GRANTS** Shultzaberger's motion in part.

# BACKGROUND

On May 23, 2013, MW drove her parents' Toyota into Shultzaberger's truck. She was talking on her cell phone and rolled a stop sign. (Doc. 1-2, Compl., ¶¶ 4-5). The collision caused Shultzaberger's truck to "spin on two wheels" and sustain severe damage. (*Id.*, ¶ 6). Shultzaberger himself allegedly suffered "grave injuries" necessitating evaluation and treatment for chest, hip, back, and neck injuries at the Lincoln County Medical Center. (*Id.*, ¶¶ 6,11). MW was cited by local police for failure to yield the right of way. (*Id.*, ¶9). At the time of the accident, Shultzaberger was insured by State Farm. (*Id.*, ¶ 15). Despite underinsured motorist coverage ("UIM") in the policy for the medical expenses he incurred as a result of the collision, State Farm did not pay those charges, which Shultzaberger believes is State Farm's typical business practice. (*Id.*, ¶¶ 15-18).

On February 19, 2016, Shultzaberger sued MW through her parents in the Twelfth Judicial District for Lincoln County, New Mexico. (Doc. 1-2). Shultzaberger alleged MW's negligence—and her parents' in entrusting her the Toyota—caused his personal injuries and property damage. (*Id.*, ¶¶ 4-14) (captioning the causes of action as "negligence" and "negligent entrustment"). Shultzaberger also named State Farm for breach of the UIM provision of the insurance policy and bad faith. (*Id.*, ¶¶ 15-20). Shortly thereafter, MW's parents settled all claims against them and MW by tendering the $25,000 personal-injury limits of their GEICO automobile policy. (Docs. 1-3; 1-4). State Farm ultimately removed this action on October 12, 2017, on the basis of the Court's diversity jurisdiction. (Doc. 1).

On December 6, 2017, the Court entered a pretrial scheduling order. (Doc. 14). The order afforded Shultzaberger until February 28, 2018 to designate experts and June 29, 2018 to

complete discovery. (Doc. 14). On February 2, 2018, the parties deposed Dr. Misenhimer. (Doc. 37-1, Misenhimer Dep.). Dr. Misenhimer testified that he performed a two-level neck fusion on Shultzaberger in December 2015, some years after MW drove her parent's vehicle into Shultzaberger's truck. (*Id.*, at 5; 14). Dr. Misenhimer also explained that Shultzaberger did not tell him about the accident; Shultzaberger "presented with complaints of neck pain and with a history of [a] previous surgery," and Dr. Misenhimer assumed that the pain had returned gradually as part of degradation of the pervious surgery. (*Id.*, at 6). During his questioning, Shultzaberger's attorney informed Dr. Misenhimer "this lawsuit is about a car accident where [Shultzaberger] was struck from the side while going down the street" and asked "if somebody were t-boned on the side of their car, would that cause a prior laminectomy to become undone or cause further damage?" (Doc. 35-1, Misenhimer Dep. at 8-9). Dr. Misenhimer answered that "to say that the accident totally disrupted the surgery is probably not true, but the accident undoubtedly caused pain by a whiplash-type incident, where his head was either thrown forward and backward or side to side at the time of the accident." (*Id.*, at 10).

On April 13, 2018, Shultzaberger noticed Dr. Misenhimer for a second deposition. (Doc. 35-2). State Farm subsequently moved for a protective order on the ground that Shultzaberger had a full and fair opportunity to question Dr. Misenhimer and that it should not be put to the expense of a second deposition under these circumstances. (Doc. 35). Following a hearing, Chief Magistrate Judge Carmen Garza granted the motion, but permitted Shultzaberger to seek leave to re-depose Dr. Misenhimer as required by Federal Rule of Civil Procedure 30. (Docs. 38; 41). State Farm also filed a motion for summary judgment asserting that Shultzaberger could not prove MW caused his injuries. (Doc. 37). On April 30 and May 1, 2018, Shultzaberger asked for an extension of time to supplement discovery and to file a response to State Farm's dispositive

motion, respectively. (Docs. 42 & 43). The Court granted the latter as unopposed, and noted it would set a deadline for submitting a response to the former once the Court disposed of the motion for a second deposition, which is now before the Court. (Doc. 44).

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(a)(2)(A)(ii) provides that "a party must obtain leave of court [to conduct a deposition], and the court must grant leave to the extent consistent with [Federal] Rule 26(b)(1) and (2) . . . if the deponent has already been deposed in the case." When determining whether to grant leave, the Court has broad discretion to consider all relevant circumstances and examine the equities. *See Dixon v. Certainteed Corp.,* 164 F.R.D. 685, 690 (D. Kan. 1996). Although second depositions are generally disfavored, *see id.*, the Court must "be careful not to deprive a party of discovery that is reasonably necessary . . . to develop and prepare the case." *Ast v. BNSF Ry. Co.*, 2011 U.S. Dist. LEXIS 123838, at *2 (D. Kan. Oct. 25, 2011) (citation omitted). "The party seeking a[n order allowing a second deposition] is expected to show good cause to justify such an order." Fed. R. Civ. P. 30 Advisory Committee Notes, 2000 Amendments. Rule 26(b) identifies the factors that guide the exercise of discretion. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Under Rule 26(b)(1), the subject matter of a second deposition must be relevant to a claim and "proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) requires the Court to consider (1) whether a second deposition would be "unreasonably cumulatively or duplicative"; (2) the movant "has had other opportunities" to obtain the information sought; and (3) the burden outweighs the benefit. Fed. R. Civ. P. 26(b)(2)(i)-(iii).

**DISCUSSION**

Applying the Rule 26(b)(1) and (2) factors, the exercise of discretion favors a second deposition. As an initial matter, the Court observes that Shultzaberger has not presented the best case to re-depose Dr. Misenhimer. Proximate causation has been central to the lawsuit since its inception and is an essential element of Shultzaberger's cause of action for a breach of the insurance contract. *See State Farm Mut. Auto. Ins. Co. v. Barker*, 96 P.3d 336, 339 (N.M. Ct. App. 2004) (requiring proof of the underlying tortfeasor's negligence—"duty, breach, proximate cause, and loss or damages" that exceed the tortfeasor's policy limits). If Shultzaberger would have required surgery notwithstanding the accident, then Shultzaberger may not be able to meet his burden either on summary judgment or trial on the merits. It appears Shultzaberger's attorney had the foresight to ask some questions of Dr. Misenhimer aimed to address this issue. (Doc. 35-1, at 8-9; 10) (informing Dr. Misenhimer that the lawsuit concerned a car accident, asking "if somebody were t-boned on the side of their car would that cause a prior laminectomy to become undone or cause further damage," and receiving the answer that "to say that the accident totally disrupted the surgery is probably not true, but the accident undoubtedly caused pain by a whiplash-type incident"). From what the Court can discern from the deposition transcript provided, the lack of follow up on this critical line of questioning is apparent and troubling.

While the Court does not condone counsel's conduct and finds disingenuous the assertion that causation was not at issue in the deposition as well as counsel's claim that he did not further pursue causation in reliance on the defense attorney's statement that the case could be settled after discovery was complete, Shultzaberger's attorney did take ownership of his oversight. Moreover, the discussion of the significance of causation highlights that it squarely falls within

Rule 26(b)(1)'s permissible scope of discovery. Thus, a second deposition would address issues germane and proportional to Shultzaberger's case.

State Farm's argument that a second deposition would be cumulative or duplicative is not without some force or that Shultzaberger had an opportunity to obtain the information he seeks. In a broad sense, Shultzaberger did recognize causation was at issue and did ask some questions about it. Viewed more narrowly, however, questions directed to the whiplash Shultzaberger may have sustained as well as the resulting pain were not asked. Nor did Shultzaberger inquire as to what Dr. Misenhimer meant when he answered Shultzaberger's hypothetical t-bone question. Even if a second deposition might be duplicative or cumulative, it would not be "unreasonably" so, especially in light of the small amount of causation testimony elicited and State Farm's lack of specific argument on this point. At any rate, the Court can adequately protect State Farm by limiting the deposition to causation alone. *See* Fed. R. Civ. P. 26(b). The Court is cognizant that Shultzaberger could have, and likely should have, asked more causation questions during the first proceeding or conducted written discovery on the element. At this point, however, the Court takes at Shultzaberger's attorney at his word and declines to take his admitted oversight as a basis to deprive his client of needed information.

There is some burden to a second deposition. State Farm will face attorney's fees and, potentially, travel expenses. Moreover, there will be some delay to the case. But the Court is unable to attribute any concrete prejudice to State Farm. Discovery is still open and trial is not scheduled until December 3, 2018. In fact, Shultzaberger anticipated only a thirty minute second deposition when he argued against State Farm's motion for protective order. State Farm could elect to participate in the deposition by telephone. Further, any monetary prejudice is alleviated by shifting costs to Shultzaberger. The Court will require Dr. Misenhimer's appearance fee to be

paid by Shultzaberger. Should State Fam wish to have its attorney personally appear, Shultzaberger will reimburse the attorney's mileage at the prevailing IRS rate from Las Cruces, where Miller Stratvert has an office, to El Paso, Texas, where Dr. Misenhimer is located. Alternatively, Shultzaberger may, at his expense, arrange for Dr. Misenhimer to be deposed at the offices of Miller Stratvert in Las Cruces.

In sum, the Court will allow a second deposition of Dr. Misenhimer subject to restrictions specified below. The Court parties have not asked, and the Court does not determine, whether Shultzaberger was required to disclose Dr. Misenhimer under Rule 26(a)(2) and what implication disclosure may have on the case even though the Court has permitted a second deposition. The parties may raise that issue how they see fit, if at all.

## CONCLUSION

For the reasons stated above, the Court permits a second deposition of Dr. Misenhimer. A second deposition will address issues that are critical to Shultzaberger's case and are not unreasonably cumulative or duplicative. Any burden or potential duplication is remedied by the specific parameters set forth below.

**IT IS, THEREFORE, ORDERED** that Shultzaberger's motion to supplement the deposition of Dr. Misenhimer and supplement discovery (Doc. 42) is **GRANTED** in part.

**IT IS FURTHER ORDERED** that the parties' questioning of Dr. Misenhimer is limited to the issue of causation with Shultzaberger and State Farm having a maximum time of two (2) hours each to question Dr. Misenhimer.

**IT IS FURTHER ORDERED** that Shultzaberger shall pay any appearance fee required by Dr. Misenhimer and State Farm's attorney's travel fees between Las Cruces and El Paso should State Farm elect not to participate in the second deposition by telephone. Alternatively,

Shultzaberger may arrange at his expense for Dr. Misenhimer to travel to Las Cruces and conduct the deposition at the offices of Miller Stratvert there.

**IT IS FURTHER ORDERED** that Shultzaberger depose Dr. Misenhimer, if at all, o**n or before June 29, 2018**, unless Dr. Misenhimer's schedule does not permit. If Dr. Misenhimer is not available before the close of discovery or if State Farm has a scheduling conflict that the parties cannot work out, Shultzaberger shall notify the Court and the Court will set a status conference.

                                                _____
                                                KEVIN R. SWEAZEA
                                                UNITED STATES MAGISTRATE JUDGE
                                                Presiding by consent